JANVIER, Judge'.
Defendant appeals from a judgment granting an injunction prohibiting him or his agents, employees, lessees, or tenants from operating a commercial establishment of any nature on three lots of ground in Plum Orchard Subdivision (Gentilly), in New Orleans.
The plaintiff, who is also the owner of property in the same subdivision, brought the suit for an injunction, alleging the operation of a commercial establishment by defendant, and averring that such operation was and is violative of certain restrictive covenants contained in the deeds of all owners of property in said Plum Orchard Subdivision.
The particular covenant referred to and relied upon by plaintiff reads as follows: “The- purchaser agrees that no dairy nor any noxious or offensive establishments nor commercial establishments of any nature or character whatsoever shall be erected on said property * *
Defendant admits the operation of a grocery store in his building, but contends that by the failure of plaintiff and others to object to the operation of other commercial establishments in the subdivision, there has resulted a waiver of the right to insist on the enforcement of the title restrictions.
It is true that where there are general or multiple violations of such restrictive clauses and protests are not made, there may result a waiver of the right to enforce those clauses, but we deem it well settled that this waiver does not result unless there have1 been general and multiple violations without protest. See Edwards v. Wiseman, 198 La. 382, 3 So.2d 661; Roche v. St. Romain, La.App., 51 So.2d 666.
A reading of the record shows plainly that there have been no such general or multiple violations in the particular subdivision in which the properties of plaintiff and of defendant are located. In two of the three instances relied upon by defendant, the properties on which the commercial establishments were were not within the subdivision, and in the third case, it is very evident that the violation, if there was one, was of minor importance and that it cannot be pointed to as evidencing the general and multiple violations which are necessary to create a waiver of the right to object.
Since the defendant, Foti, bought his property on December 8, 1948, and did not complete the building in which the commercial establishment is operated until some time during 1950, it is obvious that the right to object has not been lost by the passage of time. See La.LSA-R.S. 9:5622.
Neither party has favored us with a brief and both have submitted the matter on the record without oral argument.
Since the record shows conclusively that the defendant operates a commercial establishment in violation of the prohibitive clause in his deed, and since the record does not show that there has been a waiver of the right to object, our conclusion is that the judgment of the district court granting the injunction is correct.
Accordingly, the judgment appealed from is affirmed at the cost of appellant.
Affirmed.